**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

DONALD WINNETT,                                                                        PLAINTIFF
ADC # 139544

V.                                        4:10-cv-00531-JLH-JJV

GARY M. ARNOLD, Judge, Saline
County Circuit-Chancery Court                                                  DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge

J. Leon Holmes.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the hearing before the District Judge  (if such
        a  hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the hearing before the
        District Judge in the form of an offer of proof,  and a copy,  or the original, of any

1

documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Arkansas Department of Correction, East Arkansas Regional Unit, filed this action *pro se*, pursuant to 42 U.S.C. § 1983, against the state circuit judge who accepted his guilty plea and sentenced him. Because Plaintiff has failed to state a claim upon which relief may be granted, the Court recommends dismissal of this cause of action, without prejudice.

## I.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972).  The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless of whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.    PLAINTIFF'S COMPLAINT

Mr. Winnett's Complaint (Doc. No. 2) states he pleaded guilty to felony rape, ARK. CODE ANN. § 5-14-103, on August 2, 2007.  Plaintiff was represented by retained counsel and was sentenced to 240 months in prison.

It appears the victim bore a child as a result of the rape.  This is relevant because the instant action alleges that Plaintiff was not afforded DNA testing "to prove that the so-called child . . . is mine," or given the results of a "rape kit," or a copy of an arrest warrant.  Plaintiff charges that Judge Arnold, the Circuit Judge presiding over Arkansas' Twenty-Second Judicial Circuit, was without the authority or jurisdiction to accept Winnett's plea or sentence him for the crime because he is the "juvenile judge" for that district, not an "adult criminal" judge.  By way of relief Plaintiff seeks release from incarceration and damages in the amount of $750,000.00.

## III.   ANALYSIS

Judge Arnold is immune to suit because "judges performing judicial functions enjoy absolute immunity from § 1983 liability."  *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994).  Like other forms of official immunity, judicial immunity is immunity from suit, not just from ultimate assessment of damages.  *Mireless v. Waco*, 502 U.S. 9 (1991);  *Duty v. City of Springdale*, 42 F.3d 460, 462-63 (8th Cir. 1994).  "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery

3

and eventual trial." *Mireless*, 502 U.S. at 10 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"); *See also Harlow v. Fitzgerald*, 457 U.S. 800, 815-819 (1982)(allegations of malice are insufficient to overcome qualified immunity).

Immunity is overcome in only two sets of circumstances. First, a judge would not be immune from liability for actions taken while not in an official capacity. *Forrester v. White*, 484 U.S. 219, 227-229 (1988). Second, a judge would not be immune for actions taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978). Neither circumstance applies in this case because Judge Arnold's actions were functions performed in his judicial capacity in presiding over a criminal matter. Accordingly, judicial immunity serves as a bar to Plaintiff's § 1983 claims against Judge Arnold.

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1)      Plaintiff's Complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted;

2)      Dismissal of this action constitute a "strike" for purposes of 28 U.S.C. § 1915(g);[1] and

3)      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation, and the accompanying judgment, would not be taken in good faith.

---

[1]      Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

DATED this <u>21st</u> day of June, 2010.

JOE L. VOLPE
UNITED STATES MAGISTRATE JUDGE