**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DONALD WINNETT,                                                                                              PLAINTIFF
ADC #139544

v.                                        No. 4:10CV00531 JLH-JJV

GARY M. ARNOLD, Judge, Saline
County Circuit-Chancery Court                                                                    DEFENDANT

## ORDER

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe and the plaintiff's objections. After carefully considering the plaintiff's objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be approved as this Court's findings.

The plaintiff first objects that he did not consent to jurisdiction of a magistrate judge in this case. He believes, therefore, that the magistrate judge has no authority to make proposed findings and a recommended disposition. He is mistaken.

The United States Code, Federal Rules of Civil Procedure, and the local rules provide that a district judge may designate a magistrate judge to submit proposed findings of fact and recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); Local Rule 72.1.VIII. When a district judge designates a magistrate judge to make proposed findings of fact and recommendations for disposition, any party may serve and file written objections within 14 days, and then the district judge must make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(2) and (3); Local Rule 72.1.VIII.C. Here, the undersigned

judge designated Magistrate Judge Volpe to make proposed findings and a recommended disposition. The plaintiff has made timely objections. The undersigned has made a *de novo* review of the record. Therefore, the plaintiff's objection that he did not give his consent to the magistrate judge making proposed findings and recommendation is an objection that has no merit.

The plaintiff's next objection is that the magistrate judge was in error in finding that Judge Gary M. Arnold had jurisdiction in his case. The plaintiff argues that Judge Arnold is a chancery judge with jurisdiction only over the juvenile division, so he did not have jurisdiction to act in a criminal case. That objection is also without merit.

The distinction between circuit and chancery courts in Arkansas was abolished by the adoption of Amendment 80 in the general election in 2000. *Hudson v. Kyle*, 352 Ark. 346, 349 n.3, 101 S.W.3d 202, 205 n.3 (2003). Section 6 of Amendment 80 provides:

> (A) Circuit courts are established as the trial courts of original jurisdiction in all justiciable matters not otherwise assigned pursuant to this Constitution.
>
> (B) Subject to the superintending control of the Supreme Court, the Judges of a Circuit Court may divide that Circuit Court into subject matter divisions, and any Circuit Judge within the Circuit may sit in any division.

Ark. Const. Amend. 80, § 6. The documents submitted by the plaintiff in support of his claim show that in 2002 Judge Gary M. Arnold was elected to the position of Circuit Judge, District 22, Division 2. The Twenty-Second Judicial District consists of Saline County. Ark. Code Ann. § 16-13-3101. According to documents provided by the plaintiff, that position previously had been a circuit-chancery position, but, as noted, the distinction between circuit and chancery courts was abolished by Amendment 80. Although circuit judges in the State of Arkansas are authorized to sit in divisions, each judge has the authority to hear cases in any subject matter division. Ark. Sup. Ct.

Admin. Order No. 14.  The circuit courts are required by Administrative Order No. 14 to submit administrative plans for the allocation of cases.  The current administrative plan for the Twenty-Second Judicial District shows that Position Two, held by Judge Gary M. Arnold, is primarily responsible for 30% of the criminal cases.[1]  The Arkansas Reports contain opinions of the Arkansas appellate courts in dozens of cases in which Judge Arnold has presided over criminal matters.  *See, e.g., Wallace v. State*, 2009 Ark. 90, 302 S.W.3d 580 (2009).  There is absolutely no doubt that Judge Arnold has jurisdiction over criminal cases in Saline County, Arkansas.  The plaintiff's argument to the contrary is frivolous.

       IT IS THEREFORE ORDERED that:

       1.     Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted and because the complaint is frivolous;

       2.     Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g);

       3.     The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order and the accompanying judgment would not be taken in good faith.

       DATED this 9th day of July, 2010.

                                          */s/ J. Leon Holmes*
                                          J. LEON HOLMES
                                          UNITED STATES DISTRICT JUDGE

---

[1] *See* http://courts.state.ar.us/circuitcourt/2010AdminPlans/22.pdf.